11-3184
Grullon v. City of New Haven

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2012

(Argued: January 11, 2013                                     Decided:   June 19, 2013)

Docket No. 11-3184

_____

RAYMOND GRULLON,

Plaintiff-Appellant,

- v. -

CITY OF NEW HAVEN, NEW HAVEN C.C.C. FACILITY, and WARDEN,
New Haven C.C.C. Facility,

Defendants-Appellees.

_____

Before:  KEARSE and KATZMANN, Circuit Judges, RAKOFF, District   Judge[*].

Appeal from a judgment of the United States District Court for the District of Connecticut, Stefan R. Underhill, Judge, dismissing for failure to state a claim, without leave to amend, pro se plaintiff's complaint under 42 U.S.C. § 1983 complaining of jail conditions. See 2011 WL 2680843 (July 8, 2011).

Vacated in part, and remanded.

*        Honorable Jed S. Rakoff, of the United States District Court for the Southern District of
         New York, sitting by designation.

KATHERINE SWAN, New York, New York (Guy Miller Struve, New York, New York, on the brief), for Plaintiff-Appellant.

MICHAEL K. SKOLD, Assistant Attorney General, Hartford, Connecticut (George Jepsen, Attorney General of the State of Connecticut, Hartford, Connecticut, on the brief), for Defendant-Appellee Warden.

KEARSE, Circuit Judge:

Plaintiff Raymond Grullon, who commenced this action pro se as a pretrial detainee, appeals from a judgment of the United States District Court for the District of Connecticut, Stefan R. Underhill, Judge, dismissing his complaint brought under 42 U.S.C. § 1983 against defendants City of New Haven (the "City"), the New Haven C.C.C. Facility ("NHCC" or the "Correctional Center"), and the Warden of the New Haven C.C.C. Facility (the "Warden"), alleging, inter alia, denial of visitation rights, telephone usage, and access to a law library, and deprivation of proper temperature control, ventilation, and various amenities. The district court dismissed Grullon's claims against the City and the Correctional Center pursuant to 28 U.S.C. § 1915A(b)(1) as lacking an arguable basis in fact or law. The court dismissed Grullon's claims against the Warden in his official capacity pursuant to Fed. R. Civ. P. 12(b)(1) on grounds of sovereign immunity and mootness; it dismissed the claims against the Warden in his individual capacity pursuant to Rule 12(b)(6) for lack of any allegation from which the Warden's personal involvement could be inferred. On appeal, Grullon contends that the district court erred in dismissing his individual-capacity claims against the Warden without granting leave to amend the complaint to add a plausible allegation that the Warden had been informed of the alleged denials and deprivations. For the reasons that follow, we conclude that Grullon should have been allowed to amend his complaint, and we vacate in part and remand for further proceedings.

I. BACKGROUND

Grullon's complaint, the factual allegations of which we take as true for purposes of reviewing a dismissal for failure to state a claim on which relief can be granted, see, e.g., DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110-11 (2d Cir. 2010), alleged principally as follows.

In January 2010, Grullon, who was in custody in New York, was transferred to NHCC because of an outstanding arrest warrant against him in Connecticut. At NHCC, Grullon "was not afforded a phone call, toothpaste, soap, p[e]n, [or] paper." (Complaint at 8 (capitalization omitted).) Grullon was informed that NHCC did not have a law library and did not provide legal materials; Grullon did not otherwise have "access to the courts, or adequate assistance by a trained advisor." (Id. (capitalization omitted).) Grullon was "placed into a cold cell" with "no . . . blankets etc., sheets," or other sleeping supplies. (Id. (capitalization omitted); see also id. at 5-A (alleging "dismal conditions" including "Excessive Heat").) Grullon was placed in a cell with another inmate and bunk beds, but with "no ladder[]," and "no way of getting up-top"; and for the top bunk there were "no []guard rails," producing "a dangerous condition." (Id. at 8 (capitalization omitted).) Grullon's cell had dangerously poor "ventilation"; and the jail had an inadequate supply of food. (Id. (capitalization omitted).)

As required by the Prison Litigation Reform Act ("PLRA"), the district court promptly reviewed the complaint, see 28 U.S.C. § 1915A (district court is required, as soon as practicable, to review a complaint by a prisoner or detainee seeking redress against a governmental entity, officer, or employee, to determine whether it contains a cognizable claim). In an Initial Review Order dated August 17, 2010, the court dismissed the action against the City pursuant to § 1915A(b)(1) on the

3

ground that the complaint contained no allegations against the City; and it dismissed the action against the Correctional Center on the ground that the Correctional Center--an institution of the State of Connecticut--is not a suable "person" under § 1983. The court did not immediately dismiss Grullon's action against the Warden.

The Warden thereafter moved pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the claims against him in his official capacity, arguing that the damages claims were barred by the Eleventh Amendment and that the requests for equitable relief were moot because Grullon was no longer being detained at NHCC, having been transferred to another facility. The Warden moved pursuant to Rule 12(b)(6) to dismiss the claims against him in his individual capacity on the grounds that the complaint failed to assert a plausible claim of any constitutional violation and failed to allege the Warden's personal involvement in any of the alleged deprivations.

Grullon, in opposition to the motion, argued that one means of establishing a supervisory official's liability for a constitutional violation is to show that the official "after learning of the violation through a report or appeal, failed to remedy the wrong." (Grullon Response to Defendant's Motion to Dismiss ("Grullon Response" or "Response") ¶ 6 (citing Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986)) (capitalization omitted).) Grullon attached to his Response a copy of a letter he had written and addressed to the Warden, bearing the handwritten notation "Sent 4/18/10" ("Grullon Letter" or "Letter"). In the Letter, Grullon complained of, inter alia, the lack of a law library, thick dust clogging the vents in his cell, and inadequate volume on the telephones available to inmates. In his opposition to the motion to dismiss, Grullon requested that, if the court found the allegations in his complaint insufficient with respect to the Warden's personal responsibility, he "be allowed to amend his complaint." (Grullon Response ¶ 11 (capitalization omitted).)

4

In a Ruling on Motion To Dismiss, dated July 8, 2011, reported at 2011 WL 2680843, the district court granted the Warden's motion to dismiss all of Grullon's claims. The court ruled that as to the claims against the Warden in his official capacity, the claims for damages were barred by the Eleventh Amendment and the claims for equitable relief were moot because Grullon was no longer being detained at NHCC. See id. at *2. As to the claims against the Warden in his individual capacity, the court ruled that Grullon had failed to state a claim on which relief can be granted because he did not show that the Warden was personally involved in the alleged constitutional deprivations. See id. at *3-*4.

With regard to the individual-capacity claims, the district court stated, inter alia, that

> Grullon does not mention the Warden of NHCC other than in the caption of the complaint and description of defendants. Grullon does not allege that the Warden was directly involved in or knew about the alleged unconstitutional conditions of confinement at NHCC. Nor does Grullon claim that he made the Warden aware of the objectionable conditions.

Id. at *3 (emphasis added). The court noted that "[i]n response to the motion to dismiss, Grullon submits a copy of a letter that he claims to have sent to the Warden on April 18, 2010 regarding certain conditions of confinement at NHCC." Id. But the court stated that it could not consider the Letter on the motion to dismiss:

> In reviewing a motion to dismiss, . . . the Court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken. . . . This letter was not attached to the complaint or referenced in the complaint and does not constitute a matter of which the court may take judicial notice.

Id. (internal quotation marks omitted).

The court added that even if it were to take judicial notice of the Letter, the complaint would fail because "Grullon d[id] not allege that the Warden actually received the letter or whether

5

he took any action in response to the letter." Id. at *4. The court further stated that, in any event,

> a supervisory official's mere receipt of a letter complaining about unconstitutional conduct is not enough to give rise to personal involvement on the part of the official. See Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir.1997) (prison official who received letter from inmate and forwarded it to subordinate for investigation and response was not personally involved in depriving inmate of constitutional right) . . . . Accordingly, the motion to dismiss is granted on the ground that Grullon did not allege the personal involvement of the Warden in the claimed unconstitutional conditions of confinement at NHCC.

2011 WL 2680843, at *4.

The district court denied Grullon's request for leave to amend his complaint to add allegations of notice to the Warden based on the Letter, ruling that there was an insufficient interval between the date of the letter and the filing of the complaint for Grullon to have exhausted his administrative remedies:

> It is apparent that any attempt to amend the complaint to add Grullon's claim that he sent a letter to the Warden on April 18, 2010 would be futile because Grullon did not allow the Warden sufficient time to respond to the letter before filing this case. State of Connecticut Administrative Directive 9.6(6)(A) requires an inmate to attempt to informally resolve his complaints about conditions prior to filing a formal grievance. A prison official is to respond to an informal written attempt at resolution within fifteen calendar days of receipt of the written request. If the letter to the Warden is construed as Grullon's attempt to informally resolve his complaints about various conditions at New Haven Correctional and it is assumed that the Warden received it at the earliest on April 18, 2010, the day it was written, the Warden was required to respond on or before May 3, 2010. The complaint is dated May 1, 2010. Furthermore, Grullon does not allege that he took any other steps to exhaust his administrative remedies prior to filing this lawsuit.

2011 WL 2680843, at *4 n.2 (emphases added).

Judgment was entered dismissing the complaint in its entirety, with prejudice. Grullon appealed and moved in this Court for in forma pauperis status and the assignment of counsel. We granted the motions with respect to Grullon's claims against the Warden in his individual capacity,

dismissing the appeal with respect to the official-capacity claims. Our order did not mention the other defendants named in the complaint; and Grullon's brief on appeal makes no argument that the district court erred in dismissing claims against those defendants.

## II. DISCUSSION

On appeal, Grullon, now represented by counsel, pursues the claims asserted against the Warden in his individual capacity, arguing principally that the district court erred in dismissing those claims without granting leave to file an amended complaint to allege that, based on Grullon's April 2010 Letter, the Warden had sufficient notice of the conditions complained of to expose him to personal liability. The Warden urges us to uphold the district court's rulings or, in the alternative, to affirm on the basis that Grullon's "conclusory allegations are insufficient to state a plausible claim that any constitutional violations actually occurred" (Warden's brief on appeal at 6). For the reasons that follow, we conclude that Grullon's request to file an amended complaint should have been granted.

A. The Sufficiency of the Complaint

It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation. See, e.g., Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 122 (2d Cir. 2004); Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997) ("Sealey"); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) ("Colon"); Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) ("Williams"). We have previously held that

[t]he personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon, 58 F.3d at 873 (emphases added); see Williams, 781 F.2d at 323-24. Although the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations, we need not reach Iqbal's impact on Colon in this case, for Grullon's initial complaint did not adequately plead the Warden's personal involvement even under Colon.

In reviewing the dismissal of a complaint for failure to state a claim on which relief can be granted, "we view the facts alleged in the complaint in the light most favorable to the appellant[]," Chase Group Alliance LLC v. City of New York Department of Finance, 620 F.3d 146, 148 (2d Cir. 2010), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," id. at 150 (internal quotation marks omitted). Further, we must interpret the factual allegations of a pro se complaint "to raise the strongest arguments that they suggest." Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks omitted); see, e.g., Sims v. Blot, 534 F.3d 117, 133 (2d Cir. 2008) ("courts are . . . to construe a pro se litigant's pleadings and motions liberally").

Even within this framework, we agree with the district court that Grullon's complaint, as filed, did not sufficiently allege the Warden's personal involvement in or awareness of the health, safety, and communications issues raised by Grullon. There were no such direct allegations; there

8

were no indirect allegations sufficient to permit an inference the Warden had acted or failed to act in any of the ways that would subject him to personal liability for the deprivations alleged by Grullon. We conclude that the district court did not err in dismissing Grullon's claims against the Warden in his individual capacity for lack of sufficient allegations of the Warden's personal involvement.

We reach a different conclusion with respect to the denial of Grullon's request to amend.

B.  The Denial of Permission To Amend

When a party requests leave to amend his complaint, permission generally should be freely granted.  See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  "A pro se complaint 'should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)); see, e.g., J.S. v. T'Kach, 714 F.3d 99, 103 (2d Cir. 2013); Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009); id. at 184 (upholding district court's ruling that pro se plaintiff's complaint failed to allege that supervisors "were aware of the violations, that grievances sent to the supervisors notified them of constitutional violations, or that the supervisors acted or failed to act in a way that caused any constitutional violations," but vacating the with-prejudice dismissal and remanding with the instruction that the plaintiff be given leave to replead because "[i]t is possible that [he] could remedy the inadequacies identified by the district court" (internal quotation marks omitted)).  Leave to amend may properly be denied if the amendment would be "futil[e]."  Foman, 371 U.S. at 182.

9

A district court's denial of a request for leave to amend is reviewed for abuse of discretion. See, e.g., id.; Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) ("Anderson"), cert. denied, 133 S. Ct. 846 (2013); Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 (2d Cir. 2010) ("Starr"), cert. denied, 131 S. Ct. 901 (2011). "An abuse of discretion may consist of an erroneous view of the law, a clearly erroneous assessment of the facts, or a decision that cannot be located within the range of permissible decisions." Anderson, 680 F.3d at 185; see, e.g., Sims v. Blot, 534 F.3d at 132.

In the present case, although the district court properly described the standard for dismissal for failure to state a claim, the court did not--other than indicating that leave to amend could be denied if it would be futile--discuss other principles governing motions to amend, e.g., that motions to amend should be granted freely in the interests of justice, that a pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once, and that a pro se plaintiff's proposed amended complaint should be construed to raise the strongest arguments it suggests.

Although Grullon had not proffered a formal proposed amended complaint, he had asked that he "be allowed to amend his complaint" if the court found his allegations as to the Warden to be insufficient (Grullon Response ¶ 11 (capitalization omitted)), and he had submitted a copy of the April 18, 2010 Letter he claims he sent to the Warden complaining of the NHCC conditions. The Letter to the Warden plus the allegations of Grullon's initial complaint were sufficient to "give[] an[] indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d at 170 (internal quotation marks omitted).

We disagree with the district court's decision to disregard the Letter on the basis that Grullon did "not allege that the Warden actually received the letter or whether he took any action in

10

response to the letter," 2011 WL 2680843, at *4. "[P]ersonal involvement is a question of fact," Williams, 781 F.2d at 323; and Sealey, the principal case invoked by the district court (and by the Warden (see Warden's brief on appeal at 9)), did not involve a dismissal pursuant to Rule 12(b)(6) for failure to state a claim. Rather, the pertinent claim in that case was dismissed on summary judgment, see Sealey, 116 F.3d at 51, following discovery, see id. at 50. As the district court noted in the present case, the supervisory official in Sealey "who received [the] letter from [the] inmate [had] forwarded it to [a] subordinate for investigation and response," 2011 WL 2680843, at *4; see Sealey, 116 F.3d at 51. Thus the dismissal of the claim against the supervisor in Sealey was affirmed neither on the basis of the pleading nor on the ground that the supervisor had merely received the inmate's letter; rather, the dismissal was affirmed on the ground that, after discovery, the record warranted summary judgment in favor of the supervisor because it showed that he had in fact taken steps to have the prisoner's grievance resolved.

Here, the district court dismissed Grullon's action with prejudice on the basis of his initial pleading, denying him leave to file an amended complaint alleging that he in fact sent his Letter to the Warden complaining of prison conditions. At the pleading stage, even if Grullon had no knowledge or information as to what became of his Letter after he sent it, he would be entitled to have the court draw the reasonable inference--if his amended complaint contained factual allegations indicating that the Letter was sent to the Warden at an appropriate address and by appropriate means-- that the Warden in fact received the Letter, read it, and thereby became aware of the alleged conditions of which Grullon complained. It is of course possible that the Warden read the Letter and took appropriate action or that an administrative procedure was in place by which the Warden himself would not have received the Letter addressed to him; but those are potential factual issues as to

11

personal involvement that likely cannot be resolved without development of a factual record. As we have previously held, "when a pro se plaintiff brings a colorable claim against supervisory personnel, and those supervisory personnel respond with a dispositive motion grounded in the plaintiff's failure to identify the individuals who were personally involved, under circumstances in which the plaintiff would not be expected to have that knowledge, dismissal should not occur without an opportunity for additional discovery." Davis v. Kelly, 160 F.3d 917, 922 (2d Cir. 1998). We conclude that the district court should not have denied leave to amend for lack of allegations as to the Warden's actual receipt of the Letter and as to his response.

Finally, the district court erred in denying leave to amend the complaint on the ground that amendment would be "futile because" the complaint was dated May 1, and assuming that the Warden received the Letter on April 18, Grullon failed to give the Warden 15 days to act "prior to filing this lawsuit," 2011 WL 2680843, at *4 n.2. First, although the court assumed arguendo (quite generously) that Grullon's Letter dated April 18 would have been received by the Warden on that date, the finding that the complaint that was "dated" May 1, id., was "fil[ed]" on May 1, id., is contrary to the district court records. The complaint as it appears in the record was date-stamped by the district court as "FILED 2010 MAY 18"; and the district court docket sheets state that the complaint was filed on May 18.

More importantly, the court's legal framework for assessing the sufficiency of Grullon's proposal to amend his complaint was flawed, because although claims relating to "prison conditions" are subject to the PLRA's exhaustion requirement, see, e.g., Porter v. Nussle, 534 U.S. 516, 524 (2002), "failure to exhaust is an affirmative defense," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints," Jones v. Bock, 549 U.S. 199, 216 (2007); see, e.g.,

12

Giano v. Goord, 380 F.3d 670, 675 (2d Cir. 2004); Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999). Thus, even if there were fewer than 15 days between the Warden's receipt of Grullon's Letter and Grullon's filing of his complaint, that would not have affected the complaint's sufficiency. For all of the above reasons, we conclude that the district court did not properly exercise its discretion in refusing to allow Grullon to amend his complaint.

We reject the Warden's contention that, without regard to the issue of personal responsibility, we should affirm the judgment dismissing the complaint with prejudice and without leave to amend on the ground that Grullon has failed to allege constitutional violations. Allegations that a prisoner or detainee was denied meaningful access to the courts, leaving him unable to assert an allegedly legitimate legal claim, see generally Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 825 (1977), and allegations of deliberate indifference to serious threats to the well-being or safety of a person in custody, such as unhealthy extremes in temperature, see generally Gaston v. Coughlin, 249 F.3d 156, 165-66 (2d Cir. 2001), or unhealthy air conditions in his cell, see, e.g., Benjamin v. Fraser, 343 F.3d 35, 52 (2d Cir. 2003), overruled on other grounds, Caiozzo v. Koreman, 581 F.3d 63, 71 (2d Cir. 2009), have been held sufficient to withstand a motion to dismiss for failure to state a claim on which relief can be granted.

CONCLUSION

We have considered all of the Warden's contentions on this appeal and have found them to be without merit. The judgment of the district court is vacated to the extent that it dismissed the claims against the Warden in his individual capacity with prejudice and without leave to file an amended complaint, and the matter is remanded for further proceedings not inconsistent with this opinion. In all other respects, the judgment of the district court is affirmed.