13-0787-cv
Doe v. Whidden

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand fourteen.

PRESENT:   AMALYA L. KEARSE
           REENA RAGGI,
                    *Circuit Judges,*
           EDWARD R. KORMAN,[*]
                    *District Judge*.

------------------------------------------------------------------------

JOHN DOE,

                *Plaintiff-Appellant*,

           v.                                                    No. 13-0787-cv

CHRISTINE WHIDDEN, WARDEN OF THE MANSON YOUTH INSTITUTION,

                *Defendant-Appellee*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:        JONATHAN J. EINHORN, Law Office of Jonathan J. Einhorn, New Haven, Connecticut.

APPEARING FOR APPELLEE:         ROBERT S. DEARINGTON (Lynn D. Wittenbrink, *on the brief*), Assistant Attorneys General, *for* George Jepsen,

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

Attorney General of the State of Connecticut, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 25, 2013, is AFFIRMED.

Plaintiff John Doe appeals from an award of summary judgment to defendant Christine Whidden, warden of the Manson Youth Institute ("MYI"), on Doe's claim under 42 U.S.C. § 1983 that Whidden violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect Doe from sexual assault by his cellmate. We review an award of summary judgment <u>de novo</u>, resolving all ambiguities and drawing all reasonable inferences in favor of the non-movant, and we will affirm only if the record reveals no genuine dispute of material fact. <u>See</u> Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247–48 (1986); <u>Nagle v. Marron</u>, 663 F.3d 100, 104–05 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      <u>Constitutional Violation</u>

Doe submits that the district court erred in ruling that his supervisory claim against Whidden failed as a matter of law because he did not adduce evidence sufficient to demonstrate any constitutional violation by Whidden or her subordinates. To demonstrate an Eighth Amendment violation, a prisoner must show both that (1) his injury

2

was "sufficiently serious," and (2) prison officials acted with "deliberate indifference" to his safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see id. at 837–38 (noting that deliberate indifference inquiry is subjective, requiring awareness of facts from which inference could be drawn that substantial risk of serious harm existed). It was on the second element that the district court found Doe's claim to fail. In urging otherwise, Doe argues that MYI officials housed him with a "known sexual predator." Appellant's Br. 15. But Doe has failed to adduce evidence that any assignment error rose above the level of negligence, an omission that is fatal to his claim. See Farmer v. Brennan, 511 U.S. at 835 (noting that deliberate indifference requires more blameworthy mental state than negligence).

Moreover, Doe has not shown that any assignment error by the unidentified designating official is attributable to Whidden. Assuming arguendo that Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995), still identifies the standards for establishing § 1983 liability of a supervisory defendant for the misdeeds of subordinates,[1] Doe needed to present evidence sufficient to support a finding that Whidden (1) was a direct participant in the room assignment, (2) failed to remedy known constitutional error in such

---

[1] We need not decide how the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), affected the standards for establishing supervisory liability as articulated in Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995), as Doe has not adduced sufficient evidence to show personal involvement under either standard. See Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013) (noting possibility that Ashcroft v. Iqbal "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but concluding that complaint failed adequately to plead supervisor's personal involvement even under Colon v. Coughlin standards).

assignments, (3) created "a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom," (4) was grossly negligent in supervising subordinate MYI officials who made the housing assignment, or (5) showed deliberate indifference to MYI inmates' rights by not acting on information indicating unconstitutional assignments. Colon v. Coughlin, 58 F.3d at 873. Insofar as Doe asserts gross negligence from Whidden's failure to train MYI employees in the state's Sexual Assault Prevention Policy, his contention is essentially conclusory. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010) (noting that non-moving parties "must provide more than conclusory allegations to resist a motion for summary judgment"). Doe has adduced no evidence as to specific deficiencies in the overall training of designating officials that would have avoided the challenged assignments. See Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 130 (2d Cir. 2004) ("It is impossible to prevail on a claim that the . . . training program was inadequate without any evidence as to . . . how better or different training could have prevented the challenged conduct . . . ."). Much less has he adduced any expert opinion indicating that Whidden's conduct in alerting subordinates to the Sexual Assault Prevention Policy fell so far below the training responsibilities of a warden in her situation as to manifest gross negligence or deliberate indifference. See Poe v. Leonard, 282 F.3d 123, 142 (2d Cir. 2002) (holding that supervisor's liability depended on showing that supervisor "knew or should have known that there was a high degree of risk that [subordinate would commit the violative

4

conduct], but either deliberately or recklessly disregarded that risk by failing to take action that a reasonable supervisor would find necessary to prevent such a risk, and that failure caused a constitutional injury").

To the extent Doe argues that Whidden's deposition testimony raises questions of fact that could support her supervisory liability under § 1983, counsel acknowledges that the deposition transcript was never before the district court. "[A]bsent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record." International Bus. Mach. Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir. 1975); accord Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112, 124 (2d Cir. 2010). We identify no such extraordinary circumstances here and, thus, do not consider the belatedly submitted transcript.

Rather, on review of the record before the district court, we conclude that summary judgment was correctly entered in favor of Whidden.

2.    Denial of Leave To Amend

Doe further challenges the district court's sua sponte determination that Doe would not be entitled to amend his complaint to add as a defendant the MYI employee who made the challenged cell assignment because: (1) the statute of limitations would have run with respect to the added party, (2) such amendment could not relate back to the original complaint, and (3) amendment would prejudice Whidden.

5

We generally review a denial of leave to amend for abuse of discretion. See Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 490 (2d Cir. 2011). Doe cannot demonstrate such abuse here because he never asserted in the district court that he stood ready to amend the complaint to name the designating employee as a defendant. See Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request [for leave to amend] that was not made."). Insofar as Doe submitted in the district court that he would substitute the designating employee for Whidden, whatever further consideration that might warrant with respect to the timeliness of any action against the designating official, it does not support maintaining this action against Whidden. See generally Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of leave to amend given "that discovery had already been completed and [defendant] had already filed a motion for summary judgment"); accord AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 727 (2d Cir. 2010).

Accordingly, we identify no error in the award of summary judgment to Whidden without affording leave to amend.

3. Denial of Oral Argument

As for Doe's complaint that the district court granted summary judgment without affording him oral argument, a "district court acts well within its discretion in deciding dispositive motions on the parties' written submissions without oral argument." Dotson

6

v. Griesa, 398 F.3d 156, 159 (2d Cir. 2005). Thus, "[a] party seeking to reverse a summary judgment order must demonstrate that it was prejudiced by the court's refusal to hear argument." Fabrikant v. French, 691 F.3d 193, 203 n.9 (2d Cir. 2012) (internal quotation marks and alterations omitted). Although Doe maintains that issues related to the statute of limitations and unidentified material facts "could have been reviewed and amplified at oral argument," Appellant's Br. 19, he fails to show that these arguments would have altered the outcome so as to demonstrate prejudice.

4.    Conclusion

We have considered all of Doe's remaining arguments and conclude that they are without merit. The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7