16-4268-cv
*Adams v. Simone*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 10th day of January, two thousand nineteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
            GUIDO CALABRESI,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*.

_____

ALFREDA ADAMS,

                    *Plaintiff-Appellant*,

            v.                                                      No. 16-4268

ANTHONY SIMONE, DETECTIVE, RALPH PUGLIA, DETECTIVE, DAMICO, POLICE OFFICER, SCOTT, POLICE OFFICER, MORSE, POLICE OFFICER, WEST HAVEN POLICE DEPARTMENT, CITY OF WEST HAVEN, JOHN DOE, A NUMBER OF POLICE OFFICERS,

                    *Defendants-Appellees*.

_____

For Plaintiff-Appellant:              ALFREDA ADAMS, *pro se*, West Haven, CT.

For Defendants-Appellees:          LEE KENNEDY TIERNAN, Corporation
                                    Counsel City of West Haven, Connecticut,
                                    West Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Alfreda Adams, proceeding *pro se*, appeals the district court's grant of judgment as a matter of law to West Haven Police Department Detective Anthony Simone and a jury verdict in favor of Detective Ralph Puglia in her 42 U.S.C. § 1983 action. Adams sued Simone, Puglia, several other named and unnamed police officers, the West Haven Police Department, and the City of West Haven, alleging that she was unlawfully detained and that her home was illegally searched during an investigation of a shooting. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.     Sufficiency of the Evidence

Adams argues that the evidence was sufficient to find that Simone, Scott, and the West Haven Police Department violated her Fourth Amendment rights by detaining her for several hours and searching her home without probable cause.[1] As a threshold matter, Scott and the West Haven Police Department were not parties to the lawsuit at the time the case went to trial, much less when the jury rendered its verdict, because Adams had voluntarily dismissed her claims against them weeks before trial.

---

[1] Adams argues in her reply brief that the appellees' brief is of such "poor quality" that we should treat the case as conceded. Appellant's Reply Br. at 3. Adams's point is well taken: the appellees' brief leaves much to be desired. However, it provides enough to preserve, and for us to discern, the appellees' arguments.

Moreover, "[i]t is well established that a party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998).[2] Adams did not move for judgment as a matter of law on Simone's liability. Thus, we may order judgment as a matter of law only if necessary to prevent manifest injustice, which "exists where a jury's verdict is wholly without legal support." *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014). For the reasons explained below, Adams has not made this showing.

## II.     Judgment as a Matter of Law

Adams next argues that the district court erred in prematurely granting judgment as a matter of law to Simone before the jury's verdict, because it did so before hearing all the evidence. We review *de novo* a district court's grant of a motion for judgment as a matter of law, "apply[ing] the same standard used by the district court." *Cobb v. Pozzi*, 363 F.3d 89, 101 (2d Cir. 2004). "A district court should not grant judgment as a matter of law unless the evidence, viewed in the light most favorable to the nonmoving party, is insufficient to permit a juror to find in his favor." *Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007). "[T]o establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

3

The district court properly granted judgment as a matter of law to Simone on Adams's § 1983 unlawful search and seizure claim based on the testimony elicited during Adams's case-in-chief. The first time Adams mentioned Simone by name at trial was when she testified that he was the officer who announced that the police had obtained a search warrant. Adams did not testify that Simone was able to prevent the other officers from being in her house while the warrant application was pending, or that he was involved in her detention prior to obtaining the warrant. *See Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003). Rather, Adams testified that Puglia was "running everything." Because Adams presented no evidence that Simone was personally involved either in her detention or in any warrantless entry into her home, the district court properly granted the defendants' Rule 50 motion as to Simone at the time Adams had rested her case. *See Grullon*, 720 F.3d at 138; *Davis v. Rodriguez*, 364 F.3d 424, 435 (2d Cir. 2004).

Simone did testify during the defense's case, and he stated that he had ordered officers into Adams's home. At oral argument, counsel for appellees admitted that he put Simone on the stand only because the district court had already granted Simone judgment as a matter of law, and that counsel might not have called Simone had the court ruled the other way. This situation is disturbing. Unfortunately, we are constrained by Adams's counsel's failure to act before the district court. "[A] party against whom judgment as a matter of law is rendered" may file a motion for a new trial, Fed. R. Civ. P. 50(d)—and, given Simone's later testimony, such a motion may have been warranted. But a new trial motion, or a motion to alter or amend the judgment, must have been filed within 28 days of the entry of judgment in the case. Fed. R. Civ.

4

P. 50(d), 59(e). Adams's trial counsel was appointed a year before trial, and yet he neither deposed Simone before the trial nor filed any motion to alter the judgment or for a new trial. We therefore must affirm the district court's judgment.

Finally, Adams argues for the first time in her reply brief that the district court erred in granting judgment as a matter of law to Scott and the West Haven Police Department. But this argument fails because Adams voluntarily dismissed her claims against those defendants before trial.

### III.     Jury Instructions

Adams argues that the district court erred in failing to instruct the jury that Simone, Scott, and the West Haven Police Department illegally searched her home and detained her without probable cause. This challenge is meritless. These defendants were no longer parties to the lawsuit at the time the district court gave the jury instructions, so there was no basis for the court to instruct the jury as to their liability.

### IV.     Voir Dire Transcripts

Finally, Adams argues that the district court's denial of her requests for voir dire transcripts denied her effective appellate review of a potential jury bias claim. "If appellant moves for a free transcript, [s]he must provide the district court with a statement detailing the substantial questions presented by the appeal." *Harper v. United States*, 217 F.3d 889, 889 (2d Cir. 2000) (per curiam). In her motions for free transcripts of the voir dire proceedings in the district court, Adams noted that she needed the transcripts because there is a "question concerning the Jury's attitude towards Police and several jurors [had] family member[s] who

5

were involved in law enforcement." D. Conn. Dkt. No. 74, at 3. The district court properly denied Adams's third and final voir dire transcript request, relying on *Harper* and noting that "Adams has not given sufficient reason for the Court to provide her with a free copy." D. Conn. Dkt. No. 75. Given Adams's sparse allegations, it cannot be said that her jury bias claim presented a substantial question so as to warrant granting her motion for free voir dire transcripts. *Harper*, 217 F.3d at 889. Further, claims of jury bias based on a juror's family connections to law enforcement or employment as a law enforcement officer, standing alone, do not demonstrate bias. *See United States v. Morales*, 185 F.3d 74, 84 (2d Cir. 1999). Accordingly, the district court did not err in denying Adams's requests for free voir dire transcripts.

We have considered Adams's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court