*Canady v. U of R/Strong Memorial Medical Center*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

MARK CANADY,

> *Plaintiff-Appellant*,

> v.                                                               21-2150

U OF R/STRONG MEMORIAL MEDICAL CENTER AND
UNION 1199 SEIU,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | MARK CANADY, *pro se*, Rochester, NY. |
| For Defendant-Appellee U of R/Strong Memorial: | KATHERINE MCCLUNG, Bond, Schoeneck & King PLLC, Rochester, NY. |
| For Defendant-Appellee Union 1199 SEIU: | JONATHAN G. JOHNSEN, Creighton, Johnsen & Giroux, Rochester, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Mark Canady ("Canady"), proceeding *pro se*, sued his former employer, the University of Rochester Strong Memorial Medical Center (the "Hospital"), and his former union, 1199 SEIU (the "Union," and together with the Hospital, the "Defendants"), for retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a), in connection with his October 2020 termination. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

The current lawsuit is Canady's fifth Title VII suit against the Defendants, after having unsuccessfully sued them for racial discrimination and retaliation in connection with prior disciplinary actions in 2013, 2014, 2015, and 2020. *See Canady v. Union 1199*, 253 F. Supp. 3d 547 (W.D.N.Y. 2017), *aff'd sub. nom.*, *Canady v. Univ. of Rochester*, 736 F. App'x 259 (2d Cir. 2018); *Canady v. Union 1199/SEIU*, 527 F. Supp. 3d 515 (W.D.N.Y. 2021). In the lawsuit immediately antecedent to this one (the "2020 Action"), the district court denied Canady's request for leave to amend to assert the same claim he raises now—a retaliation claim premised on his termination—because he had not alleged facts suggesting the Defendants were aware of the 2020 Action when he was fired, or otherwise establishing a retaliatory motive, noting that the documents attached to his filings established that he was fired for performance-related issues after having been disciplined for other misconduct. *See Canady v. Union 1199/SEIU*, 527 F. Supp. 3d at 517.

Turning to the present case, Canady filed the operative complaint before the district court

2

issued its decision dismissing the 2020 Action with prejudice. In this action, Canady claims that the Defendants retaliated against him by firing him and inadequately representing him in connection with his firing. The Defendants moved to dismiss, and in responding to this motion, Canady included a request for leave to amend. The district court granted the Defendants' motions to dismiss for failure to state a claim, adopting the reasoning of its prior decision in the 2020 Action, without addressing whether Canady should be permitted to amend his complaint. *See Canady v. U of R/Strong Mem'l Med. Ctr.*, No. 21 Civ. 6223, 2021 WL 2941133, at *1–2 (W.D.N.Y. July 13, 2021). Canady appealed.[1]

We review the dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although we construe *pro se* submissions "liberally . . . to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis and internal quotation marks omitted), a *pro se* complaint must nevertheless contain "factual allegations sufficient to meet the plausibility requirement," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

Even liberally construed, we agree with the district court that Canady's complaint did not

---

[1] In addition to defending the judgment, the Hospital argues that we lack appellate jurisdiction because the district court granted Canady's timely motion for an extension of time to appeal in the absence of "excusable neglect or good cause." Fed R. App. P. 4(a)(5)(A); 28 U.S.C. § 2107(c). Assuming that this is, indeed, a jurisdictional question that may be raised in the absence of a cross appeal of the district court's extension order, we perceive no abuse of discretion in the district court's finding of "excusable neglect" under the circumstances of this case. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 362–63, 366 (2d Cir. 2003).

state a Title VII retaliation claim against the Hospital, which requires a plaintiff to plausibly allege that the defendants took an adverse employment action against him "because" he opposed an unlawful employment practice. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015). The requisite causation "may be shown by direct evidence of retaliatory animus or inferred through temporal proximity to the protected activity." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 307 (2d Cir. 2021). The complaint alleges no facts supporting direct retaliatory animus. Nor can an inference of causation be made from the timing of events set forth in the complaint. Canady alleged vaguely that the Defendants knew of his "complaint" when he was fired, yet he failed to specify which complaint, or how the Defendants knew about it. His first three lawsuits against the Defendants were resolved several years earlier—too far removed to suggest retaliatory intent. *See Canady v. Univ. of Rochester*, 736 F. App'x at 261–62. With respect to the 2020 Action, as the district court noted, the docket reflected that summons were not issued until five days *after* he was fired. *See Canady v. Union 1199/SEIU*, 527 F. Supp. 3d at 517. The district court also noted that the papers attached to the complaint included a letter in which the Hospital proffered a legitimate, non-retaliatory reason for Canady's termination. *See id*.

Likewise, Canady has failed to state a claim against the Union for either Title VII retaliation or breach of the duty of fair representation. As against an employer, to plead a retaliation claim against a labor organization, "a plaintiff must show participation in protected activity known to the defendant, an employment action disadvantaging the person engaged in the protected activity, and a causal connection between the protected activity and the adverse employment action." *Yerdon v. Henry*, 91 F.3d 370, 377 (2d Cir. 1996). But, similar to his retaliation claim against the Hospital, Canady's bare allegation that the Union was generally aware of unspecified complaints against other Union members is insufficient to plead the requisite causal nexus between his

4

protected conduct and any adverse action the Union took against him. Moreover, Canady's generalized allegations that the Union "fail[ed] to do investigations" and "never responded to [his] concerns," App'x 10, do not plausibly allege that the Union acted in a way that was "arbitrary, discriminatory, or in bad faith," as necessary to state a claim for breach of the duty of fair representation. *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citation omitted).

The district court also did not err by denying Canady leave to amend, which request he embedded in his opposition brief to the Defendants' motion to dismiss. We review a district court's denial of leave to amend for abuse of discretion, unless "the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile," in which case our review is *de novo*. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (citation omitted). Generally speaking, "[a] *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks, citation, and alterations omitted).

Here, Canady previously sought to amend his complaint in the 2020 Action to assert the same claims of retaliatory termination that form the basis of the present action. *See Canady v. U of R/Strong Mem'l Med. Ctr.*, 2021 WL 2941133, at *1. Even considering the additional facts alleged in his opposition brief, Canady would still fail to state a plausible claim for retaliation because he does not allege facts supporting an inference that the Defendants acted "because" of the 2020 Action or any past complaint he raised concerning other Union members. *Vega*, 801 F.3d at 90. We cannot infer causation simply because Canady is *pro se*. *See Darby v. Greenman*, 14 F.4th 124, 130 (2d Cir. 2021) (explaining that *pro se* solicitude "may not supply essential

5

elements of the claim that were not initially pled" (citation omitted)).   Canady never alleges when he informed the Defendants of the 2020 Action.   Further, Canady alleges that the Defendants retaliated against him even before he brought the 2020 Action.   *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.").   Moreover, Canady's allegations concerning the Union's motive to tarnish his reputation with false disciplinary charges is rendered implausible by his admission that he engaged in the verbal altercation that ultimately led to his termination.   Thus, we conclude that amendment would be futile.[2]

\* \* \*

We have considered Canady's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] To the extent Canady seeks to add claims for race discrimination, any such amendment would be futile because he fails to allege facts supporting an inference that any of the Defendants' conduct was motivated, even in part, based on his race.

6