23-705
*Mitchell v. The State of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

Stephen T. Mitchell,

> *Plaintiff-Appellant,*

> v.                                        No. 23-705

The State of New York, Letitia James, the Attorney General for the State of New York,

> *Defendants-Appellees.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**                          STEPHEN T. MITCHELL,
                                                       pro se, New York, NY.

**FOR DEFENDANTS-APPELLEES:**                          DAVID LAWRENCE III,
                                                       Assistant Solicitor General of
                                                       Counsel (Barbara D.
                                                       Underwood,
                                                       Solicitor General,
                                                       Ester Murdukhayeva, Deputy
                                                       Solicitor General, *on the
                                                       brief*), *for* Letitia James,
                                                       Attorney General for the
                                                       State of New York, New
                                                       York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of

New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Stephen Mitchell, proceeding pro se, sued the State of New York and New York Attorney

General Letitia James under 42 U.S.C. § 1983 "in lieu of" 28 U.S.C. § 2254, alleging

constitutional violations during a previous criminal trial in state court.   App'x at 20.   Mitchell

was sentenced in 2014.   Although Mitchell filed his notice of appeal for his criminal conviction

in 2014, the Appellate Division did not affirm his conviction and sentence until November 2020,

after he had fully served his custodial sentence and been discharged from parole.   *See People v.

Mitchell*, 136 N.Y.S.3d 101, 102 (App. Div. 2020), *appeal denied*, 36 N.Y.3d 1099 (2021).

Contending that he must sue under § 1983 because habeas was no longer available to

him, as he was no longer in state custody, Mitchell sought injunctive relief vacating his

conviction and granting him a new trial.   The district court granted the State's motion to

dismiss, reasoning that Mitchell lacked Article III standing and, among other alternative reasons, that both New York State and its Attorney General were immune from suit under the Eleventh Amendment. *Mitchell v. New York*, No. 22-cv-1747, 2023 WL 2734823, at *2–4 (E.D.N.Y. Mar. 31, 2023). The district court also denied Mitchell's motion to amend his complaint to add Eric Gonzalez, the Kings County District Attorney, and the Kings County District Attorney's Office as defendants, finding that amendment would be futile. *Id.* at *3 n.3. Mitchell appealed. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal which we recount only as necessary to explain our decision to affirm.

## I. <u>Eleventh Amendment Immunity</u>

When there has been no factfinding, as here, this Court reviews Rule 12(b)(1) and 12(b)(6) dismissals for lack of subject matter jurisdiction and failure to state a claim de novo. *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 107 (2d Cir. 2007); *Gollomp v. Spitzer*, 568 F.3d 355, 365 (2d Cir. 2009). Although he is no longer admitted to the bar, Mitchell's training and work as a lawyer lessens the "special solicitude" generally afforded to pro se litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

On appeal, Mitchell has failed to challenge an independent ground identified by the district court for dismissing his suit: Eleventh Amendment immunity. "Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). When an "independent ground" for the decision on appeal "remains unchallenged," we may affirm on that basis alone. *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005).

3

Were we to excuse Mitchell's failure to address this issue on appeal, *see id.*, we would affirm the district court's immunity decision on the merits. The Eleventh Amendment precludes suits against states unless the state expressly waives its immunity or Congress abrogates that immunity. *CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs.*, 306 F.3d 87, 94–95 (2d Cir. 2002). Eleventh Amendment immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Here, Mitchell sued both the state itself and the state's Attorney General. New York has not waived its immunity, *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977); nor has Congress abrogated it through § 1983 in this context, *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). Therefore, "no relief, either legal or equitable, is available against" New York or the New York Attorney General. *Id.* at 594–95. Plainly, and absent argument to the contrary, Mitchell's suit is barred by the Eleventh Amendment. We affirm the dismissal of Mitchell's entire complaint only on this ground.

**II.    Motion to Amend**

This Court generally reviews a denial of leave to amend for abuse of discretion, but when denial is premised on legal grounds such as futility, the Court instead conducts a de novo review. *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 309 (2d Cir. 2022). Ordinarily, pro se litigants should be afforded at least one pre-dismissal opportunity to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks and citation omitted). But leave to amend may be denied if it would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112

(2d Cir. 2000) (holding that while a pro se plaintiff must be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," leave to amend may be properly denied if the amendment would be "futile" (internal quotation marks and citation omitted)).

Turning to the district court's denial of Mitchell's motion to amend his complaint an additional time, we first note that Mitchell has already amended his complaint on one prior occasion.   As noted above, he is also not entitled to the same degree of special solicitude afforded to pro se litigants, given his training as an attorney.   Moreover, even if the Court were to grant his motion to amend, amendment would be futile because § 1983 suits against a district attorney in his official capacity and a district attorney's office are barred by the Eleventh Amendment.   *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) ("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." (internal quotation marks and citation omitted)); *see Feerick v. Sudolnik*, 816 F. Supp. 879, 887 (S.D.N.Y.) ("When the [district attorney's office] makes [prosecution-related] decisions, it is acting in a quasi-judicial capacity and thus is representing the state, not the county.   Thus, the 11th Amendment protects the [district attorney's office] from Section 1983 liability while it acts as a state representative." (citation omitted)), *aff'd* 2 F.3d 403 (2d Cir. 1993).[2]   As a result, the district court did not err when denying Mitchell's motion to amend the complaint.

---

[2] Mitchell does not argue that his claims fall under the *Ex Parte Young* exception to Eleventh Amendment immunity. Even if he did, his operative complaint does not plead a "continuing violation" of his rights sufficient to invoke *Ex Parte Young.   Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000) (barring claims under the Eleventh Amendment where even "though the recipients framed their prayer for relief in prospective terms, the effect of what they sought would be entirely retrospective because the state was no longer violating federal law").

***

Mitchell's remaining arguments are either unavailing or without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court