15-2883-cv
*Shaw v. Prindle, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of September, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

---

MICHAEL SHAW,

                    *Plaintiff-Appellant,*                 No. 15-2883-cv

              v.

S. PRINDLE, CORRECTION OFFICER, RUSSO, CAPTAIN, ACTING DEPUTY SUPERINTENDENT OF SECURITY, ROLLIN LARKIN, SUPERINTENDENT,

                    *Defendants-Appellees.*[*]

---

**FOR PLAINTIFF-APPELLANT:**          Michael Shaw, *pro se*, Gowanda, New York.

---

[*] The Clerk of Court is directed to amend the official caption to conform to the caption above.

**FOR DEFENDANTS-APPELLEES:**

Brian D. Ginsberg, Assistant Solicitor General, Andrew B. Ayers, Senior Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 10, 2015 judgment of the District Court is **AFFIRMED**.

Appellant Michael Shaw ("Shaw"), proceeding *pro se*, appeals the District Court's judgment (1) dismissing his amended complaint brought under 42 U.S.C. § 1983, alleging supervisory-liability claims against Superintendent Rollin Larkin ("Larkin") and Captain Russo ("Russo"), and (2) granting summary judgment in favor of Corrections Officer Simon Prindle ("Prindle") with respect to his Eighth Amendment sexual-misconduct claim. He also seeks review of a decision of the District Court (3) denying his discovery request for documentation of past inmate grievances against Prindle. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of judgment on the pleadings and summary judgment *de novo*, *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178–79 (2d Cir. 2013), and the denial of a discovery request for abuse of discretion, *Gualandi v. Adams*, 385 F.3d 236, 244–45 (2d Cir. 2004). To survive a motion for judgment on the pleadings, "the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Kirkendall*, 707 F.3d at 178–79 (internal quotation marks omitted). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted). We are required to resolve all ambiguities and draw all inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Assoc., Inc.*, 182 F.3d 157, 160 (2d Cir. 1999).

## I.     Supervisory-Liability Claims

As a threshold matter, we conclude that we have appellate jurisdiction to review the portion of the judgment that involved the District Court's order dismissing Shaw's supervisory-liability claims because Shaw is a *pro se* appellant who appealed from an order closing the case. *See Elliot v. City of Hartford*, 823 F.3d 170, 171 (2d Cir. 2016). We now turn to the District Court's dismissal of Shaw's complaint under Federal Rule of Civil Procedure 12(c).

To state a claim for supervisory liability, a plaintiff must establish that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference . . . by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

In the circumstances presented here, we conclude that the District Court properly determined that Shaw failed to state a plausible claim for relief against Larkin and Russo under *Colon*. *See Shaw v. Prindle*, No. 9:12-CV-1281 (FJS/CFH), 2014 WL 4988233, at *5 (N.D.N.Y. Oct. 7, 2014). Shaw alleged in his amended complaint that Larkin and Russo "knowingly and willingly allow[ed] the actions of . . . Prindle to continuously violate the Civil and Constitutional rights of plaintiff, based on all of the sexual complaints against . . . Prindle o[ver] the course of several years." No. 9:12-cv-01281-FJS-CFH, ECF No. 9, at 4. But Shaw did not allege that Larkin or Russo were aware of the alleged complaints against Prindle based on sexual misconduct, nor did he allege the dates when those complaints were made or that Larkin and Russo were employed in supervisory positions when those complaints were made.[1] Accordingly, we conclude that Shaw has failed to state a plausible supervisory-liability claim against Larkin or Russo under *Colon*.[2]

---

[1] We note that the magistrate judge's explanation that "merely writing letters and grievances to a defendant is insufficient to establish notice and personal involvement," *Shaw v. Prindle*, No. 9:12-CV-1281 (FJS/CFH), 2013 WL 9769725, *4 (N.D.N.Y. Dec. 4, 2013), could be construed as contrary to our statement in *Grullon v. City of New Haven* that, at the pleading stage, a plaintiff is "entitled to have the court draw the reasonable inference—if his amended complaint contained factual allegations indicating that the Letter was sent to the Warden at an appropriate address and by appropriate means—that the Warden in fact received the Letter, read it, and thereby became aware of the alleged conditions of which [plaintiff] complained." 720 F.3d 133, 140–41 (2d Cir. 2013). This does not alter our conclusion, however, because Shaw failed to allege that any such information was forwarded to the attention of Larkin or Russo.

[2] "Although the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations, we need not reach *Iqbal*'s impact on *Colon* in this case, for [Shaw's] [amended] complaint did not adequately plead [Larkin's or Russo's] personal involvement even under *Colon*." *Grullon*, 720 F.3d at 139.

3

## II.    Eighth Amendment Claim

To succeed on an Eighth Amendment claim, a plaintiff must show "(1) a deprivation that is objectively, sufficiently serious" and "(2) a sufficiently culpable state of mind on the part of the defendant official." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (internal quotation marks omitted). "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015). Moreover, "even if contact between an officer and an inmate's genitalia was initially justified, if the officer finds no contraband, continued sexual contact may be actionable." *Id.* "In determining whether an Eighth Amendment violation has occurred, the principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." *Id.* at 257–58.

We conclude that, in the circumstances presented here, there is no genuine issue of material fact as to whether Prindle's physical contact with Shaw's genitalia during the pat frisk was "incidental to legitimate official duties, such as a justifiable pat frisk." *Crawford*, 796 F.3d at 257. At the outset, Prindle was justified in searching Shaw for contraband (stamps), which Shaw testified he had indeed possessed, even if Shaw relinquished the contraband before the search commenced. Indeed, Shaw's relinquishment of contraband does not necessarily obviate the need for a search, insofar as Shaw easily could have hidden additional contraband on his person. And although Shaw testified that the search, which was conducted over clothing, took longer than it was supposed to, and included what Shaw viewed as excessive searching of his "crotch area and . . . in between [his] buttocks" and massaging of his "rectum and groin area," *see* No. 9:12-cv-01281-FJS-CFH, ECF No. 50-4, at 10–11, 19, we have previously held that "even an officer who is meticulous in conducting a search does not violate an inmate's constitutional rights as long as the officer had no intention of humiliating the inmate or deriving sexual arousal or gratification from the contact," *Crawford*, 796 F.3d at 258. Shaw has adduced no evidence from which we can reasonably infer that Prindle had intended to search him with intent to arouse or gratify Prindle's sexual desires or to humiliate Shaw. We cannot infer solely from the thoroughness of the search at issue here, which was conducted in the presence of other officers in order to find known contraband, that Prindle was so motivated.

Accordingly, we conclude that the District Court properly granted summary judgment to Prindle. As a result, we need not decide whether Prindle was entitled to qualified immunity in the circumstances.

## III.    Discovery Issue

Finally, we conclude that the District Court did not err or "abuse its discretion" in denying Shaw's discovery request for documentation of past grievances against Prindle because the requested

material appears to relate to Shaw's supervisory-liability claims, which were properly dismissed at the pleading stage.

## CONCLUSION

We have considered all of the parties' arguments. For the reasons set forth above, we **AFFIRM** the August 10, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk