17-925-pr
Delee v. Hannigan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand eighteen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
                      Circuit Judges,
         PAMELA K. CHEN,*

                      District Judge.

- - - - - - - - - - - - - - - - - - - - - - -X

MAURICE L. DELEE,
         Plaintiff-Appellant,

         -v.-                                17-925-pr

CHARLES M. HANNIGAN, Sean White, Deanna
Carhart, James Lambert, Thomas Dixon,
Anthony Polak, Jeffrey Bea,
Superintendent James Conway, Sibata
Khahfia, Paul Chappius, Jr., Edward
O'Mara, Daniel O'Connor, Norman Bezio,
Wendy Phillips, Captain K. Brown, C.
Lundquist, Assistant Inmate Grievance

---

* Judge Pamela K. Chen of the United States District Court for the Eastern District of New York, sitting by designation.

**Director, Karen Bellamy, Director of Inmate Grievance,**

   **<u>Defendants-Appellees</u>,**

**DANIELLE ESPOSITO, R.N.,**
   **<u>Defendant</u>.**


- - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | Gerald T. Walsh, Zdarsky, Sawicki & Agostinelli LLP, Buffalo, New York. |
| **FOR APPELLEE:** | Eric T. Schneiderman, Attorney General of the State of New York (Barbara D. Underwood, Andrew D. Bing, and Frederick A. Brodie, <u>on the brief</u>), Albany, New York, <u>for</u> Defendants-Appellees White, Carhart, Lambert, Dixon, Polak, Bea, Conway, Khahfia, Chappius, O'Mara, O'Connor, Bezio, Phillips, Brown, Lundquist, and Bellamy. |
| | W. James Schwan, Esq., Law Office of W. James Schwan, Buffalo, New York, <u>for</u> Defendant-Appellee Hannigan. |

  Appeal from the judgment of the United States District Court for the Western District of New York (Geraci, <u>C.J.</u>).

  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

  Maurice Delee appeals the judgment of the United States District Court for the Western District of New York dismissing his suit pursuant to a jury verdict on Delee's 42 U.S.C. § 1983 excessive force claim. Delee also appeals the district court's mid- and pre-trial orders awarding

judgment as a matter of law, and granting a motion to dismiss and a motion for partial summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A dispute over a $70 commissary charge led to mutual allegations of misconduct and recrimination between a prison inmate and numerous corrections officers and supervisors. Delee, a former inmate at the Attica Correctional Facility, complained that several items he had purchased from the commissary were missing and requested a refund. He claims that on November 17, 2007, defendant corrections officer Charles M. Hannigan beat, kicked, and sexually assaulted him as retribution for seeking the refund, and that Hannigan was assisted by Sean White and Deanna Carhart. Misbehavior reports filed after the incident resulted in Delee's solitary confinement in the special housing unit ("SHU") for three-and-a-half months. On numerous occasions, Delee requested medical assistance for injuries and wrote letters to prison supervisors challenging his punishment and demanding that Hannigan, White, and Carhart face disciplinary action.

The corrections officers concede the use of force in the November 2007 encounter, but contend that Delee had to be restrained when he became violent after a search of his cell turned up items he had claimed as lost in the commissary report. Medical personnel and supervisors at Attica attest that Delee received proper treatment. Meanwhile, nothing in Delee's medical records supported any of his alleged injuries to his groin or back. Delee ultimately won his administrative appeal, and all disciplinary rule violations were reversed or dismissed.

Delee's amended complaint asserts that the Defendants-Appellees violated and conspired to violate his civil rights. See 42 U.S.C. §§ 1983 and 1985. He alleges violations of the First, Fourth Fifth, Eighth, and Fourteenth Amendments by various prison employees who subjected him to physical and sexual assault, filed false misbehavior reports as retaliation, denied him due process in connection with the false misbehavior reports, and denied him medical treatment for the injuries he sustained

3

in the fracas.  The amended complaint sought damages from 18 defendants in both their individual and official capacities.

The district court adopted the report and recommendation of the magistrate judge dismissing Delee's constitutional claims against numerous named defendants for lack of personal involvement, and dismissing his claims against defendants acting in their official capacity as foreclosed by the Eleventh Amendment.  The district court then granted partial summary judgment in favor of each moving defendant except Officer Carhart.  And during trial, the district court granted judgment as a matter of law under Federal Rule of Civil Procedure 50 on Delee's conspiracy claim.  See Fed. R. Civ. P. 50(a)(1).

Delee proceeded to a jury on his Eighth Amendment excessive force claims against defendants Hannigan, Carhart, and White.  Chief Judge Geraci rejected Delee's proposed jury instruction on intentional contact with an inmate's genitalia (premised on Crawford v. Cuomo, 796 F.3d 252 (2d Cir. 2015)), and gave an instruction on the proximate cause element of an excessive force claim over Delee's objection.  The jury returned a verdict in favor of the defense.

On appeal, Delee challenges: (1) the failure to provide the proposed instruction on Crawford v. Cuomo; (2) the jury instruction on proximate cause; (3) the Rule 50 ruling on his civil rights conspiracy claim; (4) the dismissal of his claims against supervisory defendants on a motion to dismiss for lack of personal involvement; and (5) the dismissal of his due process and deliberate indifference claims at summary judgment.  Sixth and finally, he seeks a new trial.

**1.**    The parties dispute the standard of review for the denial of the proposed instruction on intentional contact with private parts.  Delee argues for *de novo* review.  Hannigan argues for plain error review because Delee failed to object on the record.  See Latsis v. Chandris, Inc., 20 F.3d 45, 49 (2d Cir. 1994) ("Normally, we will not consider a challenge to a jury charge if a party failed to object at trial.") (citing Fed. R. Civ. P. 51).

4

Here *de novo* review applies. Delee requested an instruction, the district court made a definitive ruling on the record rejecting that instruction, and Delee's counsel explained why he believed his proposed instruction would have been proper. Tr. 565-66; 663. In discussing "exceptions" to the jury instructions, the court clarified that "submissions that were made that the court denied are preserved." Tr. 663. Delee's proposed instruction and argument were therefore sufficient to preserve the issue for appeal. See Fed. R. Civ. P. 51(d)(1)(B); AMW Materials Testing, Inc. v. Town of Babylon, 584 F.3d 436, 444-45 (2d Cir. 2009). Under *de novo* review, to "justify a new trial, a jury instruction must be both erroneous and prejudicial." Millea v. Metro-North R. Co., 658 F.3d 154, 163 (2d Cir. 2011).

The Eighth Amendment protects prison inmates against cruel and unusual punishment. U.S. Const. amend. VIII; see Whitley v. Albers, 475 U.S. 312, 319 (1986) (protecting inmates against the "unnecessary and wanton infliction of pain") (internal quotation marks omitted). To be actionable, the punishment must be "objectively, sufficiently serious," and the corrections officer must have a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citation and internal quotation marks omitted).

"[S]exual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997). A single incident can reach constitutional significance "if sufficiently severe or serious." Crawford, 796 F.3d at 257. "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." Id. At the same time, there are "searches of an intensely personal nature" that are not "properly the subject of a lawsuit." Id. at 258. "[T]he principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast

5

whether it is undertaken to arouse or gratify the officer or humiliate the inmate." Id. at 257-58.

Delee arguably requested a jury instruction in keeping with a valid theory of an Eighth Amendment violation. A Crawford instruction would not necessarily be duplicative. Tr. 640-43; see Crawford, 796 F.3d at 257 ("To show that an incident or series of incidents was serious enough to implicate the Constitution, an inmate need not allege that there was penetration, physical injury, or direct contact with uncovered genitalia."). And an intent to gratify a sexual desire or humiliate an inmate is not necessarily coextensive with maliciousness. Cf. Harris v. Miller, 818 F.3d 49, 65 (2d Cir. 2016) (per curiam).

But Delee fails to show that any error was prejudicial. See United States v. Chandler, 98 F.3d 711, 715-16 (2d Cir. 1996); see also Millea, 658 F.3d at 163. An error in a jury instruction is not prejudicial "when [the court is] persuaded it did not influence the jury's verdict." Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 56 (2d Cir. 2012) (citation and internal quotation marks omitted); see also Lore v. City of Syracuse, 670 F.3d 127, 156 (2d Cir. 2012) ("An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)) (internal quotation marks omitted)). In particular, Delee offered no evidence of Hannigan's intent to gratify a sexual desire, and no evidence other than his own testimony that there was no legitimate penological purpose for the alleged sexual abuse. See Crawford, 796 F.3d at 258 (no Eighth Amendment violation from intimate touching "as long as the officer had no intention of humiliating the inmate or deriving sexual arousal or gratification from the contact").

We have previously concluded that where the plaintiff "has adduced no evidence from which we can reasonably infer that [the defendant] had intended to search him with intent to arouse or gratify [defendant's] sexual desires," there are no genuine issues of material fact for the jury to explore. Shaw v. Prindle, 661 F. App'x 16, 19 (2d Cir. 2016) (summary order); see also Farmer, 511 U.S. at 834 (requiring proof of a "sufficiently culpable state of

6

mind"). True, intent may be inferred from statements made by a corrections officer, see, e.g., Crawford, 796 F.3d at 258; from the use of demeaning sexualized remarks, Shepherd v. Fisher, No. 08-cv-9297 (RA), 2017 WL 666213, at *18 (S.D.N.Y. Feb. 16, 2017); from the timing of an assault, see Bell v. Wolfish, 441 U.S. 520, 559 (1979); or from a lack of any "legitimate law enforcement or penological purpose for the defendant's alleged conduct," Boddie, 105 F.3d at 861. But no such inferences are available here; and the jury necessarily found that the physical confrontation at least served some legitimate purpose in reaching a verdict of no action on Delee's excessive force claim. See Blyden v. Mancusi, 186 F.3d 252, 262-63 (2d Cir. 1999) (excessive force is "force not applied in a 'good faith effort to maintain or restore discipline'") (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

With no indicia of intent whatsoever, the jury could not have inferred that Hannigan had a sexual motivation. Accordingly, there was no prejudice; indeed, given the dearth of evidence to support the charge, there was no error.

**2.** We review *de novo* Delee's objection to the district court's jury instruction on proximate cause. Millea, 658 F.3d at 163; Fed. R. Civ. P. 51.

Delee argues that the court erroneously added the element of proximate cause to the jury instruction on excessive force. See Tr. 640-41 (instructing the jury to determine whether "the defendants Charles Hannigan and/or Sean White and/or Deanna Carhart's acts were the proximate cause of injuries sustained by the plaintiff").

Delee cites Hudson v. McMillian, 503 U.S. 1, and Wilkins v. Gaddy, 559 U.S. 34 (2010), for the proposition that proximate cause is no longer an element of an excessive force claim; but those cases bear upon the *degree* of physical injury, not causation. Hudson, 503 U.S. at 4 (affirming that force may still be excessive even if the inmate does not suffer serious or significant injury); Wilkins, 559 U.S. 34 (same). They did not alter the proximate causation requirement for an excessive force claim. See Hudson, 503 U.S. at 8 (Eighth Amendment is

7

violated when prison guards "use force to *cause* harm") (emphasis added); see also Hogan v. Fischer, 738 F.3d 509, 516 (2d Cir. 2013); Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 23 (1st Cir. 2005) ("[Q]uestions of proximate cause are generally best left to the jury."). The district court committed no error by including a proximate cause instruction.

**3.** The claims against the supervisory defendants Phillips, Bellamy, Lundquist, and Chappius were dismissed for lack of personal involvement. We review the dismissal *de novo*. Vietnam Ass'n for Victims of Agent Orange v. Dow Chemical Co., 517 F.3d 104, 115 (2d Cir. 2008).

"It is well settled in this circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite" to a section 1983 claim. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks and citations omitted). Personal involvement of a supervisory defendant may be shown by evidence that:

> "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring."

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (internal citations omitted).

The amended complaint makes no allegation as to the involvement of defendants Phillips, Bellamy, and Lundquist, other than the titles of their employment. There is therefore no well-pled allegation against any of these three individuals. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006); Ayers v. Coughlin, 780 F.2d 205, 209-10 (2d

8

Cir. 1985) (per curiam).  As to defendant Chappius, the amended complaint makes the single allegation that he had forwarded correspondence from Delee to another party.  Such activity, without more, does not amount to personal involvement.  See Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997).

**4.** We review *de novo* the grant of summary judgment dismissing Delee's due process claims.  See McBride v. BIC Consumer Prod. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009).

Due process in a prison disciplinary hearing requires (1) advance written notice of the charges; (2) an opportunity to call witnesses and present documentary evidence; (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action; and (4) support for the findings "by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

The disciplinary hearings overseen by defendants Polak and Dixon satisfied due process.  In each instance, Delee received written notice of the charges against him; he was permitted to testify in his own defense and to call witnesses; and afterward he received written decisions citing the evidence relied upon to justify a sanction.

Delee contends that defendants Polak and Dixon violated his due process rights by denying him the right to call certain witnesses and by refusing to let him be present for the entire duration of the hearings.  Several witnesses were examined outside of Delee's presence, but "[p]rison inmates do not possess a constitutional right to be present during the testimony of witnesses during a disciplinary proceeding."  Francis v. Coughlin, 891 F.2d 43, 48 (2d Cir. 1989).  Security concerns justify *ex parte* testimony.  See 7 N.Y.C.R.R. § 253.6(b) ("The inmate shall be present at the hearing unless he refuses to attend, or is excluded for reason of institutional safety or correctional goals.").  And the defendants had the right to refuse to hear irrelevant testimony from witnesses with no personal knowledge.  See 7 N.Y.C.R.R. § 253.6(c); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 (2d Cir. 1991).

9

Delee alleges that defendant Conway approved disciplinary sanctions that he knew to be illegitimate, and failed to take action in response to letters protesting those sanctions. Conway's frequent or routine approval of disciplinary action and his decision not to act on a letter received from an inmate are insufficient to establish personal involvement by a supervisor. See Colon, 58 F.3d at 873-74 (finding on summary judgment that sending a complaint letter to a senior prison official insufficient to create a triable issue of fact on personal involvement).

Finally, Delee alleges that a number of other supervisory defendants exhibited deliberate indifference to his purported constitutional deprivations; but he provides no evidence that any of them had the requisite mental state or knowledge. See Farmer, 511 U.S. at 837. Such bare allegations are insufficient to withstand summary judgment. See Fed. R. Civ. P. 56; Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d Cir. 1995).

**5.** We review *de novo* the grant of judgment as a matter of law dismissing Delee's 18 U.S.C. § 1985 conspiracy claim at the close of Delee's case. Morse v. Fusto, 804 F.3d 538, 546 (2d Cir. 2015).

Judgment as a matter of law is appropriate when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). To support a conspiracy claim under 42 U.S.C. § 1985, Delee would have to proffer evidence sufficient to prove:

> "a conspiracy; for the purpose of depriving, either directly or indirectly, [Delee] of the equal protection of the laws ...[;] and an act in furtherance of the conspiracy; whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."

Dolan v. Connolly, 794 F.3d 290, 296 (2d Cir. 2015) (quoting Britt v. Garcia, 457 F.3d 264, 269 n. 4 (2d Cir. 2006)). "The conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious

10

discriminatory animus."  Id. (internal quotation marks and citations omitted).

When asked at trial what evidence supported a finding of conspiracy, Delee pointed only to the joint use of excessive force and the testimony from a superior that Hannigan and White had gone to see him together to report the incident.  Tr. 344-45.  A jury would have to infer that because the corrections officers appeared together at certain times, they had reached an agreement to deprive Delee of constitutional rights.  Such speculative claims cannot "reasonably lead to the inference that [the defendants] positively or tacitly came to" an agreement. Stein v. Janos, 269 F. Supp. 2d 256, 261-62 (S.D.N.Y. 2003) (citation and internal quotation marks omitted); see Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 131 (2d Cir. 1997); see, e.g., Warr v. Liberatore, 270 F. Supp. 3d 637, 650 (W.D.N.Y. 2017) ("The mere fact that the officers were all present at the time of the alleged constitutional violations is insufficient to support a conspiracy claim."); Henry-Lee v. City of N.Y., 746 F. Supp. 2d 546, 573 n. 19 (S.D.N.Y. 2010).

Nor is there evidence of impermissible motive, such as discrimination against a protected class.  Dolan, 794 F.3d at 296 (dismissing Section 1985 conspiracy claim for failure to allege membership in a protected class).

Judgment as a matter of law was therefore proper because no reasonable jury would have a legally sufficient evidentiary basis to find for Delee on civil conspiracy. See Fed. R. Civ. P. 50(a)(1).

**6.**  Delee seeks a new trial because the district court advised the jury that it would need to report on a Saturday to deliberate.  He did not move for a new trial at the time of the alleged error.  We would therefore ordinarily decline to review the issue on appeal.  Stanczyk v. City of N.Y., 752 F.3d 273, 277 (2d Cir. 2014).  And even if Delee had made a timely objection and moved for a new trial before the district court, we would not find an abuse of the district court's discretion under these circumstances. United States ex rel. Nelson v. Follette, 430 F.2d 1055,

11

1059 (2d Cir. 1970) (noting the district court's "broad discretion in controlling the conduct of trial").

For the foregoing reasons, and finding no merit in Delee's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK