20-2693 (L)
*Eldars v. State University of New York at Albany*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

───────────────────────────────

SHERINE ELDARS,

> *Plaintiff-Appellant*,

v.                                                                    20-2693 (Lead)
                                                                      20-4255 (Con)

STATE UNIVERSITY OF NEW YORK AT ALBANY, SHAO LIN, PHD, DANIELLE E. GRASSO, MS, PATRICK J. PARSONS, PHD, KATHLEEN A. MCDONOUGH, PHD, AMELIA BARBADORO, PHD, JD,

> *Defendants-Appellees*.

───────────────────────────────

For Plaintiff-Appellant:              SHERINE ELDARS, pro se, Sarasota, Florida.

For Defendants-Appellees:         JOSEPH M. SPADOLA, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Sherine Eldars, pro se and an Egyptian national, appeals from the district court's dismissal of her claims under 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964 against the State University of New York at Albany ("SUNY Albany"); Dr. Shao Lin, Eldars's Environmental Health Sciences professor; Danielle Grasso, SUNY Albany's former Environmental Health Sciences administrative manager; Dr. Patrick Parsons, SUNY Albany's former Environmental Health Sciences department chair; Dr. Kathleen McDonough, deputy director of SUNY Albany's division of Infectious Disease Bacterial Pathogenesis; and Dr. Amelia Barbadoro, director of SUNY Albany's Office of Equity and Compliance (collectively, "Defendants-Appellees").

Eldars alleges that while she was a graduate student in SUNY Albany's Environmental Health Sciences department, Dr. Lin improperly withheld her grades in exchange for research assistance, leading to Eldars's dismissal from the program. According to Eldars, when she complained to program administrators, they improperly denied her grievances and allowed her dismissal. Eldars then sued Defendants-Appellees, alleging deprivation of her due process, equal protection, and intellectual property rights, a conspiracy to violate her constitutional rights, and nationality-based discrimination in violation of Title VI. The district court granted Defendants-Appellees' motion to dismiss the complaint, ruling that SUNY Albany is immune from suit, that Eldars's due process claims could have been raised in an Article 78 proceeding in New York state

court, and that Eldars failed to plausibly allege an unlawful conspiracy, an equal protection violation, or a Title VI violation. The court permitted Eldars to amend only her equal protection claim. She did not file an amended complaint, and the district court subsequently dismissed her equal protection claim with prejudice. Eldars appealed.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* While pro se submissions are construed liberally to raise the strongest arguments they suggest, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006), a pro se complaint must nonetheless contain factual allegations sufficient to meet the plausibility requirement, *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

---

[1] Eldars also moved for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which the district court granted. She then appealed from that order, stating in her appellate brief that the district court "abused its discretion by removing Defendant SUNY at Albany from the case caption and title." Appellant's Br. at 7. A party typically cannot appeal from a decision in its favor. *See Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 142 (2d Cir. 2005). Moreover, at that point in the proceedings, the district court had already dismissed SUNY Albany from the action. Eldars fails to otherwise directly challenge the order granting relief from judgment, and she has therefore waived any other argument concerning the decision. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (pro se litigant abandons issue by failing to address it in their appellate brief).

## I.   Constitutional Claims

The district court correctly held that Eldars's constitutional claims against SUNY Albany are barred by the Eleventh Amendment, which precludes suits by citizens against states unless the state expressly waives its immunity or Congress abrogates that immunity.   *CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs.*, 306 F.3d 87, 94–95 (2d Cir. 2002).   "For Eleventh Amendment purposes, SUNY is an integral part of the government of the State of New York and when it is sued the State is the real party."   *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (internal quotation marks, alteration, and citation omitted).   Here, New York has not waived its immunity, nor has Congress abrogated it.   Eldars argues that New York waived its sovereign immunity in § 8 of the Court of Claims Act.   However, that waiver applies only to actions against the State in the Court of Claims.   *See* N.Y. Court of Claims Act art. II, § 8; *see also Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39 (2d Cir. 1977).   Eldars does not cite any authority extending that waiver of immunity to constitutional claims against otherwise-immune defendants in federal court.   Accordingly, the district court correctly dismissed Eldars's claims against SUNY Albany.

We now turn to Eldars's due process claim.   To prevail on a procedural due process claim, a plaintiff must demonstrate that: (1) she was deprived of a cognizable interest in life, liberty, or property, and (2) she did not receive constitutionally sufficient process.   *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017).   Where a procedural due process claim is based on "random, unauthorized acts by state employees," the availability of a meaningful post-deprivation state law remedy is sufficient to satisfy the requirements of due process.   *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996).   Here, the district court

4

correctly held that Eldars received due process in the face of allegedly random and unauthorized state conduct. Eldars apparently availed herself of SUNY Albany's internal complaint procedures and could also have commenced an Article 78 proceeding in New York state court to challenge the denial of her grade-change request and her dismissal from the program. *See Meisner v. Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs.*, 175 A.D.3d 1653, 1655 (N.Y. App. Div. 3d Dep't 2019). Thus, the requirements of due process were satisfied, and Eldars failed to state a claim.

Eldars argues that SUNY Albany policy provided that she did not have to pursue university complaint procedures before filing a complaint with a state or federal agency. However, even assuming she is correct, her allegations suggest that she did in fact take advantage of SUNY Albany's complaint procedures and that the adverse actions she complained of resulted in part from that process. She relies on *Monroe v. Pape*, 365 U.S. 167 (1961), for the proposition that she may maintain her federal due process claim despite the availability of a state law remedy. The Court in *Monroe*, discussing the origins and intent of § 1983, stated the following: "It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." *Id.* at 183, *overruled on other grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Yet the Court was discussing the existence of Illinois law related to unreasonable searches and seizures, not the requirements of due process. In any event, the district court did not dismiss her due process claim for failure to exhaust state law remedies. Instead, the court found that her due process claim failed on the merits because Article

5

78 proceedings satisfy due process requirements.    For the same reasons, Eldars's claim that she was deprived of her intellectual property without due process also fails.

We next consider Eldars's equal protection claim.    To state an equal protection claim, a plaintiff must allege that the defendant discriminated against her on the basis of her membership in a protected class, such as race or national origin.    *Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir. 2000).    A plaintiff can prove a selective enforcement claim by showing "(1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race . . . , intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."    *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) (internal quotation marks and citation omitted).    Alternatively, a plaintiff can state a "class-of-one" equal protection claim by plausibly alleging that she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."    *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).    Under the *Olech* class-of-one theory, the similarly situated comparator must be "*prima facie* identical" to the plaintiff — that is, "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake."    *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (citation omitted).

The district court correctly dismissed Eldars's equal protection claim under both theories because Eldars fails to plausibly allege that she was treated differently based on her membership

6

in a protected class and fails to allege the existence of similarly situated comparators. While Eldars argues that Defendants-Appellees' treatment of her violated SUNY Albany policy, she does not adequately allege or argue that Defendants-Appellees treated other students differently. Moreover, this conclusory allegation fails to establish that the other students were "similarly situated" or, for a class-of-one claim, "*prima facie* identical." Accordingly, Eldars's equal protection claim was properly dismissed.

The only action Eldars alleges based on a protected class (presumably national origin) was Barbadoro's handling of her complaint against Lin. Eldars alleges that Barbadoro told her that SUNY Albany's Office of Equity and Compliance was not the proper office for her complaint after Barbadoro discovered that Eldars was not in the United States and had a foreign phone number. However, Eldars also alleges that the Office "is charged with responding to instances of unlawful discrimination," Compl. at ¶ 43, and that her report to the Office stated that Lin had retained her grades and used Eldars's work for a course she was teaching. Nothing in her complaint to Barbadoro's office suggested that Lin's actions constituted "unlawful discrimination." Accordingly, although pro se submissions are construed liberally to raise the strongest arguments they suggest, *Triestman*, 470 F.3d at 474–75, Eldars's allegations that Barbadoro's actions were motivated by discriminatory animus are not plausible, and the district court properly dismissed Eldars's equal protection claim against Barbadoro.

We turn next to Eldars's intellectual property claim. She asserts a violation of her intellectual property rights under Article I, § 8, cl. 8 of the U.S. Constitution. However, as the district court correctly noted, this provision does not create an individual right of action or provide any rights to intellectual property. Instead, the provision authorizes Congress to enact laws

7

securing "to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const., art. I, § 8, cl. 8; *see also Goldstein v. California*, 412 U.S. 546, 555 (1973). Eldars does not identify any other basis for the violation, and the district court correctly dismissed her claim.

Likewise, the district court correctly dismissed Eldars's § 1983 conspiracy claim. To state a claim for § 1983 conspiracy, a plaintiff must allege (1) an agreement between two or more state actors or between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal, causing damages. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002). Complaints containing "only conclusory, vague, or general allegations" that the defendants engaged in a conspiracy fail to state a claim. *Id.* at 325. On appeal, Eldars argues that the district court failed to offer an alternative lawful explanation for Defendants-Appellees' conduct. Yet she presents no factual allegations that Defendants-Appellees had an agreement to act in concert and fails to meet her burden of pleading "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## II. Title VI Claim

Eldars also challenges the district court's dismissal of her Title VI claim. Title VI "prohibits a recipient of federal funds from discriminating on the basis of race, color, or national origin." *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 664 (2d Cir. 2012) (citing 42 U.S.C. § 2000d). To state a claim for Title VI discrimination, a plaintiff must allege that the defendant discriminated against her on the basis of race, color, or national origin; the discrimination was intentional; and the discrimination was a substantial or motivating factor for the defendant's

8

actions.  *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001).  The district court properly dismissed Eldars's Title VI claim against Barbadoro — and correctly denied her request to add SUNY Albany as a Title VI defendant — because, as explained above, Eldars failed to plausibly allege that Barbadoro's actions were motivated by discriminatory animus.

### III.  Denial of Leave to Amend

Finally, the district court did not err by denying leave to amend.  We review *de novo* the denial of leave to amend based on a determination of futility.  *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011).  "A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks, alterations, and citation omitted).  However, a district court properly denies leave to amend if the amendment would be futile.  *Id.* at 140.

Regarding the district court's order denying leave to amend Eldars's due process claims, the existence of Article 78 relief barred her procedural due process claims, as explained above, and thus any amendment would have been futile.  Similarly, any amendment to Eldars's intellectual property, conspiracy, and Title VI claims would have been futile for the reasons stated above.  As far as Eldars's challenge to the district court's later dismissal of her equal protection claim with prejudice, she failed to file an amended complaint as directed by the district court, and therefore failed to demonstrate that further opportunity to amend would not have been futile.

\*  \*  \*

9

We have considered Eldars's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10