22-309-cv
*LeClair v. Raymond*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of October, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

Nicholas J. LeClair,

> *Plaintiff-Appellant*,

Minors I.L. and S.L.,

> *Plaintiffs*,

v.                                                                          22-309-cv

Sarah Raymond, in her individual capacity, Danielle Colon, in her individual capacity, Tammy Breen, in her individual capacity, County of Warren, inclusive, John Lord, in his individual capacity, Terra Cahill, in her individual capacity, Whitney Hoerter, in her individual capacity,

> *Defendants-Appellees*,

Jessica Vinson, in her individual capacity, Does 2-20, in their individual capacity, Doe 1, inclusive, Katherine L. Thompson, in her individual capacity, Garfield Raymond, in his individual capacity,

Does 1-10, in their individual capacity, Robert Kelly, in his individual capacity, Christian Hanchett, in his individual capacity, Glenn Liebert, in his individual capacity, Jeffrey Matte, in his individual capacity, Marry Chapman, in her individual capacity, County of Cheshire, N.H., inclusive,

*Defendants*.

FOR PLAINTIFF-APPELLANT:                    NICHOLAS J. LECLAIR, *pro se*, Oil City, PA.

FOR DEFENDANTS-APPELLEES:                    STEPHEN M. GROUDINE, Murphy Burns LLP, Loudonville, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Nicholas J. LeClair, proceeding *pro se*, appeals from a judgment entered following a jury trial, and from several pre-trial orders.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

LeClair sued Warren County and individual employees of the Warren County Department of Social Services ("DSS") pursuant to 42 U.S.C. Section 1983, for allegedly, *inter alia*:   (1) using false, fraudulent, or coerced evidence in family court to prevent him from reestablishing custody of his children, in violation of the Due Process Clause of the Fourteenth Amendment; and (2)

2

unlawfully entering his home without permission on August 14, 2018 in violation of the Fourth Amendment. Following discovery, the district court granted summary judgment on the first claim, holding that the employees' alleged conduct did not violate LeClair's substantive due process rights. The Fourth Amendment claim against defendant-appellee Sarah Raymond, a DSS caseworker, proceeded to trial. LeClair represented himself at trial with the assistance of *pro bono* standby counsel; the jury returned a verdict for Raymond.

LeClair appeals two district court orders. First, he appeals the district court's order granting partial summary judgment in the defendants' favor on the substantive due process claim and denying leave to file a third amended complaint. Second, he appeals the district court's order denying his motion for a new trial, in which he challenged the district court's exclusion of certain video evidence at trial and contested the jury verdict as against the weight of the evidence. We address each issue in turn.

## I. Summary Judgment

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). And while "we liberally construe pleadings and briefs submitted by *pro se* litigants to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam)

3

(alterations adopted) (internal quotation marks and citation omitted), a party cannot defeat a motion for summary judgment with "conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks and citation omitted).

This Court recognizes that "parents enjoy a constitutionally protected interest in family integrity," allowing parents to bring substantive due process claims to prevent case workers from "substantiat[ing] a claim of abuse . . . by ignoring overwhelming exculpatory information or by manufacturing false evidence." *Wilkinson v. Russell*, 182 F.3d 89, 104 (2d Cir. 1999). However, this interest is "counterbalanced by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves." *Id.* (internal quotation marks and citation omitted). Accordingly, this Court "has adopted a standard governing case workers which reflects the recognized need for unusual deference in the abuse investigation context." *Id.* As such, "[a]n investigation passes constitutional muster provided simply that case workers have a reasonable basis for their findings of abuse." *Id.* (internal quotation marks and citation omitted).

Here, after an independent review of the record and relevant case authority, we hold that the district court properly granted summary judgment on LeClair's substantive due process claim. We affirm for substantially the same reasons set forth by the district court in its well-reasoned and thorough Memorandum Decision and Order. *See LeClair v. Raymond*, No. 1:19-cv-00028, 2021 WL 2682286, at *8–17 (N.D.N.Y. June 30, 2021).

4

## II. Denial of Motion for Leave to Amend

We review the denial of a motion to amend for abuse of discretion. *Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010) (per curiam). "An abuse of discretion may consist of an erroneous view of the law, a clearly erroneous assessment of the facts, or a decision that cannot be located within the range of permissible decisions." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). "Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks and citation omitted). Moreover, "a *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (alterations adopted) (internal quotation marks and citations omitted). However, leave to amend "may be denied when there is a good reason to do so, such as futility, bad faith, or undue delay." *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002).

Here, the district court did not abuse its discretion in denying LeClair leave to amend. LeClair filed his motion well after the amendment deadline and near the end of discovery, and thus granting leave to amend would have required the district court to re-open discovery and possibly reconsider the parties' dispositive motions. Moreover, his amendments sought to re-introduce claims and defendants that the district court had already dismissed. Finally, LeClair had already amended his complaint twice and the district court correctly determined that the claims proposed in his third amended complaint did not bear any relationship to the remaining Fourth Amendment

5

claim. Accordingly, we conclude that the district court appropriately exercised its discretion in denying any further amendment.

## III. Evidentiary Ruling at Trial

We review a district court's evidentiary rulings under a deferential abuse of discretion standard, *Lore v. City of Syracuse*, 670 F.3d 127, 155 (2d Cir. 2012), requiring a demonstration that the challenged rulings are "arbitrary and irrational," *Republic of Turkey v. Christie's Inc.*, 62 F.4th 64, 70 (2d Cir. 2023) (internal quotations marks and citation omitted). An error is reversible only if it also affects a party's substantial rights. *Lore*, 670 F.3d at 155 (citing Fed. R. Civ. P. 61); *see also* Fed. R. Evid. 103(a). In deciding "whether evidentiary error warrants a new trial," we consider whether the wrongly excluded evidence "bore on an issue that [wa]s plainly critical to the jury's decision," and whether the evidence "was material to the establishment of the critical fact" or simply "cumulative." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (internal quotation marks and citation omitted).

The district court's decision not to admit a video depicting events on June 27, 2018 was neither an abuse of discretion nor affected LeClair's substantial rights. The video, which depicted an interaction among LeClair, his wife, and DSS caseworker Raymond, was taken more than one month before the alleged unlawful entry by Raymond into LeClair's home in August 2018. LeClair sought to introduce the video to explain why Raymond was told not to enter the home. As the district court explained, the video was unnecessary because LeClair admitted other evidence that established that Raymond was not allowed into LeClair's house. Moreover, LeClair and his wife both testified about the events of June 27, ensuring that the jury was aware of that interaction

6

and their ensuing concerns about Raymond entering their home. The video was cumulative of this other evidence, and we conclude that the district court did not abuse its discretion in excluding it. In any event, as discussed below, Raymond did not claim she had permission to enter LeClair's home on August 14, 2018; rather she testified that she never entered the home. Thus, even assuming *arguendo* that the video of the earlier interaction was erroneously excluded, that evidence was not critical to the jury's determination and its exclusion did not affect LeClair's substantial rights. Accordingly, the district court's evidentiary ruling does not provide a basis for a new trial.

## IV. Jury Verdict

LeClair's challenge to the jury verdict is similarly unavailing. LeClair argues that the verdict was against the weight of the evidence because no reasonable jury could have found that Raymond did not enter the curtilage of his home. We have previously held that "[w]e will overturn a [jury] verdict only if there such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the appellant that reasonable and fair minded men could not arrive at a verdict against the appellant." *Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir. 2005) (alterations adopted) (internal quotation marks and citation omitted). Moreover, "assessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on appeal; we defer to the jury's assessments of both of these issues." *Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996). Thus, we rarely disturb credibility determinations made by the jury during trial. *See Dunlap-McCuller v. Riese Org*., 980 F.2d 153,

7

158 (2d Cir. 1992).

Here, the record reflects that LeClair and his wife testified at trial that Raymond entered their home without permission on August 14 and must have also entered the curtilage around their home to see through their back windows. The defendant testified at trial that she stayed on the stoop of the home the entire time. In particular, she testified that she observed a window from the stoop, but could not see inside the house from the window because a shade was drawn. She further testified that she knocked on the door twice, but there was no answer, so she left. This testimony supports the jury's verdict, and LeClair provides no basis to disturb the jury's decision to credit Raymond's testimony over that of LeClair and his wife. *See Maldonado*, 86 F.3d at 35. Accordingly, we conclude that the district court properly denied LeClair's motion for a new trial on this ground.

*          *          *

We have considered LeClair's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The Clerk is directed to seal ECF entries numbered 171-1, 195, and 223 on 2d Cir. Docket No. 22-309, because it is still possible to view their redacted text.